# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:09-CR-167 |
| | § | Judge Crone |
| AMANDA DON FRANK (2) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion to Suppress (Dkt. #31). Having considered the relevant pleadings, and argument and testimony given at the January 4, 2010 hearing, the Court is of the opinion that Defendant's motion should be denied.

### BACKGROUND

Defendant Amanda Don Frank is charged with conspiring to distribute and possess with the intent to distribute and dispense 50 grams or more of a mixture or substance containing cocaine base, in violation 21 U.S.C. § 841(a)(1). Defendant seeks to suppress the discovery of a backpack containing approximately 100 grams of crack cocaine subsequent to a search of Defendant's home. The search was conducted pursuant to a warrant issued June 12, 2009, by state district court Judge Jim Fallon. MOTION TO SUPPRESS, Ex. A. The warrant was supported by the affidavit of Officer Brian McClaran of the Sherman Police Department. MOTION TO SUPPRESS, Ex. B.

Defendant argues that the affidavit of Officer McClaran is lacking in indicia of probable cause for the issuance of the warrant. According to Defendant, Officer McClaran's affidavit is a "bare bones" affidavit because the affidavit failed to establish a nexus between Defendant's residence and evidence of the possession and distribution of cocaine.

ANALYSIS

When considering the validity of a search warrant, the Court engages in a two-step inquiry: (1) the Court must determine whether the good-faith exception to the exclusionary rule applies; and (2) then the Court must determine whether the warrant was supported by probable cause. *United States v. Payne*, 341 F.3d 393, 399 (5th Cir. 2006); *United States v. Laury*, 985 F.2d 1293, 1311 (5th Cir. 1993); *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992). The Court need not reach the question of probable cause if the good-faith exception applies, and the case does not involve a "novel question of law." *Payne*, 341 F.3d at 399; *Laury*, 985 F.2d at 1311; *Satterwhite*, 980 F.2d at 320. Since this case does not appear to present a novel question of law, the Court should initially address the good-faith issue.

In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court concluded "that evidence obtained by officers in objectively reasonable good-faith reliance upon a search warrant is admissible, even though the affidavit on which the warrant was based was insufficient to establish probable cause." *Satterwhite*, 980 F.2d at 320 (citing *Leon*, 468 U.S. at 922-23, 104 S.Ct. at 3420). "This rule does not apply where the warrant is based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'"[1] *Id*. (quoting *Leon*, 468 U.S. at 923, 104 S.Ct. at 3421 (internal citations omitted)). However, "[w]hen a warrant is supported by more than a 'bare bones' affidavit, officers may rely in good faith on the warrant's validity." *Id*. at

---

[1] The good-faith exception does not apply under any one of four situations: (1) the issuing magistrate was misled by an affiant who knowingly, or with reckless disregard for the truth, provided the affidavit on which the magistrate relied; (2) the magistrate wholly abandoned his judicial role and acted as part of the law enforcement team; (3) the law enforcement officer relied on a warrant based on an affidavit so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable; and (4) the warrant itself was so facially deficient that the executing officers could not have reasonably relied on its validity. *United States v. Cherna*, 184 F.3d 403, 407-08 (5th Cir. 1999). In the present case, Defendant only raises the third situation, therefore the Court will only address that argument.

321 (citations omitted). A "bare bones" affidavit is one that contains "wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." *Id*. (citations omitted).

Defendant argues that Officer McClaran's affidavit in support of the search warrant was a "bare bones" affidavit. However, Officer McClaran's affidavit appears to be more than a "bare bones" affidavit. The affidavit contains numerous specific facts regarding the investigation and arrest of Defendant. Officer McClaran states in his affidavit that law enforcement received information from a confidential informant that a black male was selling crack cocaine from a blue Nissan. Law enforcement identified this individual as Co-Defendant Roy Cornell Johnson ("Johnson"). Officer McClaran checked the registration of the Nissan and found that it was registered to Defendant at 1729 E. Pecan Street. Officer McClaran began periodic surveillance of the 1729 E. Pecan Street residence and the blue Nissan was routinely parked at the home. Officer McClaran checked law enforcement records and found that the home was listed as Defendant's home address. On June 9, 2009, Officer McClaran was present when Johnson was arrested for possession of cocaine over one gram. After Johnson was released from jail following his June 9th arrest, law enforcement received calls from a confidential informant that Johnson was again selling crack cocaine from the blue Nissan.

Officer McClaran's affidavit further states that on June 12, 2009, Officer McClaran was told by a confidential informant that Johnson recently sold a large amount of crack cocaine and that Johnson routinely delivers crack cocaine to a duplex at 806 East Houston Street. On June 12, 2009, Officer McClaran saw the blue Nissan parked at 1729 E. Pecan Street most of the day, but it was gone at 1700 hours. Officer McClaran drove to the duplex at 806 East Houston Street where he

3

observed a pickup with two males inside pull behind the duplex. Approximately 15 minutes later the blue Nissan arrived and one of the individuals left the truck and got into the back seat of the Nissan. The individual left the Nissan after approximately three minutes, which Officer McClaran knew from previous experience and training is indicative of narcotics trafficking. Officer McClaran was able to see that Johnson was driving the vehicle and a white female, later identified as Defendant, was in the passenger seat. When law enforcement officers attempted to stop the Nissan, Johnson continued to drive until Defendant threw a bag containing five crack cocaine rocks out her window. Both Defendants were arrested. Defendant stated that she had nothing illegal at her home and would not consent to a search of the home. Defendant admitted that she had known Johnson for several weeks. Defendant admitted to Officer McClaran that she had previously been caught with a very large amount of cocaine that she was holding for a boyfriend. Officer McClaran confirmed Defendant's past charge for possession of a controlled substance and found that Johnson had twenty prior arrests including six controlled substances arrests.

In the affidavit, Officer McClaran states that, based upon his prior experience and training, it was likely that Defendant and Johnson were "in the possession of crack cocaine and/or implements that are used in the sale and distribution of crack cocaine." He believed that Defendant's residence at 1729 East Pecan Street may contain records of narcotics sales, narcotics, narcotics paraphernalia, currency, and other items and evidence related to the possession and distribution of narcotics. Officer McClaran stated in his affidavit that he knows from previous experience and training it is common for crack cocaine dealers to carry smaller amounts of narcotics with them to sell and to keep larger amounts of narcotics and proceeds from narcotics sales at their residence.

Defendant specifically argues that Officer McClaran's affidavit lacks sufficient indicia of

4

probable cause because the allegations in the affidavit do not establish a nexus between the alleged criminal activity and Defendant's residence. The affidavit must contain facts which "establish a nexus between the house to be searched and the evidence sought." *Laury*, 985 F.2d at 1313 (citing *United States v. Freeman*, 685 F.2d 942, 949 (5th Cir. 1982)). This nexus "may be established through...normal inferences as to where the articles sought would be located." *Id*. "For instance, evidence that a defendant has stolen material which one would normally expect him to hide at his residence will support a search of his residence." *Id*. (citations omitted).

Unlike a "bare bones" affidavit that contains "wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause," the affidavit of Officer McClaran in this case provided a sufficient factual basis to enable the magistrate to make a meaningful probable cause determination. *Laury*, 985 F.2d at 1312 (quoting *Satterwhite*, 980 F.2d at 321). Officer McClaran's affidavit provides details of the criminal investigation conducted into Defendant and Johnson's illegal activities and their subsequent arrest for the possession and sale of crack cocaine. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983) (describing "bare bones" affidavits as those in which the affiant merely declares his belief that unlawful activity is occurring without providing any facts from which a judicial officer can independently assess the likelihood that the affiant's belief is correct).

Here, Defendant was arrested after Officer McClaran observed Defendant participate in an apparent narcotics sale where Defendant threw a bag containing five rocks of crack cocaine out of her car window. The Nissan automobile used by Defendant and Johnson during the transaction leading to their arrest was often seen by Officer McClaran parked at Defendant's residence. Furthermore, Officer McClaran stated in the affidavit that, based on his training and experience as

5

a narcotics investigator, people involved in drug trafficking keep controlled substances, records of drug transactions, large amounts of currency, financial instruments, and other items connected to narcotics trafficking at their residences. Therefore, the affidavit furnished the magistrate with enough information to conclude that there was a nexus between Defendant's home and the criminal activity. *See United States v. Gildon*, 2009 WL 2477256 (5th Cir. August 13, 2009) (nexus established when affidavit provides cocaine sold to confidential informants on three occasions, vehicles used for sales parked in front of home, and affiant believed persons involved in narcotics trafficking kept controlled substances and records of their distribution in the home).

Officer McClaran stated that evidence sought under the warrant, such as records of narcotics transactions, bank records, currency, electronic communication equipment, and paraphernalia used for packaging narcotics, were not present during the arrest and were likely located at Defendant's home. Given that such "instrumentalities and evidence" of narcotics trafficking were not found at the scene of the arrest, the expectation of finding the evidence at Defendant's home is a reasonable inference supporting a determination of probable cause. *Laury*, 985 F.2d at 1314; *See United States v. Pace*, 955 F.2d 270, 277 (5th Cir. 1992); *See also United States v. Thomas*, 973 F.2d 1152, 1157 (5th Cir. 1992). "Generalizations in an affidavit regarding the likely location of evidence will not undermine the reasonableness of reliance on the warrant." *Payne*, 341 F.3d at 400. "While the generalization alone might be insufficient to render official reliance reasonable, other facts in the affidavit taken together with generalizations founded upon training and experience could support reasonable reliance." *Id*. "Few places are more convenient than one's residence for use in planning criminal activities and hiding fruits of a crime." *Id*. at 401. Officer McClaran's affidavit therefore establishes a nexus between Defendant's home and illegal activity "through normal inferences as to

where articles sought would be located." *Gildon*, 2009 WL 2477256 at 1 (citations omitted); *Payne*, 341 F.3d at 400.

Therefore, because the good-faith exception applies, the Court need not address whether the magistrate had a substantial basis for finding probable cause because this case does not present a novel question of law. *Payne*, 341 F.3d at 399; *Laury*, 985 F.2d at 1311; *Satterwhite*, 980 F.2d at 320. For the foregoing reasons, the Court recommends that Defendant's Motion to Suppress be denied.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Suppress (Dkt. #31) should be DENIED.

Upon agreement of the parties, within five (5) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within five days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 11th day of January, 2010.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE