| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CRIMINAL ACTION NO. 4:09cr167 |
| | § | |
| AMANDA DON FRANK (2) | § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636. On January 11, 2010, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant's Motion to Suppress should be denied.

On January 13, 2010, Defendant Amanda Don Frank ("Defendant") filed objections to the Magistrate Judge's report. On January 14, 2010, the Government filed a response. Defendant asserts that the good-faith exception to the exclusionary rule does not apply because the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. Defendant further asserts that the affidavit used in support of the search warrant was insufficient to establish a nexus between Defendant's residence and any illegal activity.

While Defendant argues that Officer McClaran's affidavit was "bare bones," this assertion is incorrect. Officer McClaran's affidavit states that he received information from a reliable informant that Co-Defendant Roy Cornell Johnson ("Johnson") was selling narcotics from a blue Nissan. Officer McClaran confirmed that this Nissan was registered to Defendant. Officer McClaran observed the blue Nissan routinely parked in front of Defendant's residence. Officer McClaran received information that Johnson recently sold narcotics at a residence located at 806 E. Houston Street. Officer McClaran observed Defendant and Johnson at 806 E. Houston Street in Defendant's blue Nissan. Officer McClaran observed Defendant and Johnson deliver what he believed to be narcotics to this location. Defendant herself, not Johnson, threw five rocks of crack cocaine from her car window when law enforcement attempted to pull over Defendant's blue Nissan. Further, Defendant admitted to law enforcement that she had a prior arrest for possession of

narcotics, which Officer McClaran confirmed. All of the foregoing information was included in Officer McClaran's affidavit, therefore the Court agrees with the Magistrate Judge's findings that the affidavit was not "bare bones."

Defendant's objections attempt to minimize her role in the distribution of narcotics and place all of the blame upon Johnson. However, Defendant was observed by law enforcement as a passenger in Defendant's own vehicle, which was driven by a known drug dealer. Officers observed Defendant participate in what was believed to be a narcotics transaction, and Defendant herself threw five rocks of crack cocaine from her window of the vehicle when officers attempted to pull the vehicle over. Further, Defendant admitted to having been arrested previously for possession of a large amount of narcotics. Defendant is not an innocent bystander. She participated in illicit narcotics activity using her own vehicle. Defendant's attempts to paint Johnson as the only wrongdoer in this case are simply incorrect. Defendant was seen in her own vehicle participating in a narcotics transaction. This vehicle was observed by law enforcement on many occasions in front of Defendant's residence. These facts "establish a nexus between" Defendant's home and evidence of narcotics trafficking. *United States v. Laury*, 985 F.2d 1293, 1313 (5th Cir. 1993). Therefore, the officers that searched Defendant's home acted in "objectively reasonable good-faith" in relying on the search warrant. *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992).

The Court, having made a *de novo* review of the objections raised by Defendant, is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court. It is accordingly

**ORDERED** that Defendant's Motion to Suppress (Dkt. #31) is **DENIED**.

SIGNED at Beaumont, Texas, this 20th day of January, 2010.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE